John LaFaver, Secretary of Revenue Kansas Department of Revenue 915 S.W. Harrison Street Topeka, Kansas 66612-1588
Dear Secretary LaFaver:
You request our opinion regarding what procedures are appropriate for enforcement of K.S.A. 1996 Supp. 8-1567a. You explain that the Division of Vehicles has recently received abstracts of conviction under K.S.A. 1996 Supp. 8-1567a which has led to questions about the propriety of obtaining criminal convictions under this statute. Your specific questions are these:
 "1. Does K.S.A. 1996 Supp. 8-1567a support a criminal conviction?
 "2. Do courts have authority under K.S.A. 1996 Supp. 8-1567a to suspend driving privileges?
 "3. If courts have no authority to enter convictions and driver's license suspensions, based upon K.S.A. 1996 Supp. 8-1567a, but do so anyway, is the Division of Vehicles required by K.S.A. 8-249 to record such convictions and suspensions on driving records?"
K.S.A. 1996 Supp. 8-1567a provides in part:
 "(a) It shall be unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater.
 "(b) Whenever a law enforcement officer determines that a breath or blood alcohol test is to be required of a person less than 21 years of age pursuant to K.S.A. 8-1001 or K.S.A. 8-2,142 and amendments thereto, in addition to any other notices required by law, the law enforcement officer shall provide written and oral notice that: (1) It is unlawful for any person less than 21 years of age to operate or attempt to operate a vehicle in this state with a breath or blood alcohol content of .02 or greater; and (2) if the person is less than 21 years of age at the time of the test request and submits to and completes the test or tests and the test results show an alcohol concentration of .02 or greater, the person's driving privileges will be suspended for at least 30 days upon the first occurrence and for at least 90 days upon a second or subsequent occurrence.
. . . .
 "(d) Whenever a breath or blood alcohol test is requested pursuant to K.S.A. 8-1001 and amendments thereto, from a person less than 21 years of age, and results in a test result of .02 or greater, but less than .08, a law enforcement officer's certification under this section shall be prepared. The certification required by this section shall be signed by one or more officers to certify that:
 "(1)(A) There existed reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs, or both, . . .; (B) the person had been placed under arrest, was in custody or had been involved in a vehicle accident or collision; (C) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001
and amendments thereto, and the oral and written notice required by this section; (D) that the person was less than 21 years of age at the time of the test request; and (E) the result of the test showed that the person had an alcohol concentration of .02 or greater in such person's blood or breath.
. . . .
 "(e) If a hearing is requested as a result of a law enforcement officer's certification under this section, the scope of the hearing shall be limited to whether: (1) A law enforcement officer had reasonable grounds to believe the person was operating a vehicle while under the influence of alcohol or drugs, or both, . . .; (2) the person was in custody or arrested for an alcohol or drug related offense or was involved in a motor vehicle accident or collision resulting in property damage, personal injury or death; (3) a law enforcement officer had presented the person with the oral and written notice required by K.S.A. 8-1001 and amendments thereto, and the oral and written notice required by this section; . . . (7) the test result determined that the person had an alcohol concentration of .02 or greater in such person's blood or breath; (8) the person was operating a vehicle; and (9) the person was less than 21 years of age at the time a test was requested.
 "(f) If a person less than 21 years of age submits to a breath or blood alcohol test requested pursuant to K.S.A. 8-1001 or K.S.A. 8-2,142 and amendments thereto, and produces a test result of .02 or greater, but less than .08, the person's driving privileges upon the first occurrence shall be suspended for 30 days and upon a second or subsequent occurrence shall be suspended for 90 days.
 "(g) Except where there is a conflict between this section and K.S.A. 8-1001 and 8-1002 and amendments thereto, the provisions of K.S.A. 8-1001 and 8-1002
and amendments thereto, shall be applicable to proceedings under this section.
 "(h) Any determination under this section that a person less than 21 years of age had a test result of .02 or greater, but less than .08, and any resulting administrative action upon the person's driving privileges, upon the first occurrence of such test result and administrative action, shall not be considered by any insurance company in determining the rate charged for any automobile liability insurance policy or whether to cancel any such policy under the provisions of subsection (4)(a) of K.S.A. 40-277 and amendments thereto. . . ."
While this statute makes certain acts unlawful, it does not impose criminal penalties for violation of its provisions. In determining whether the Kansas habitual violator statute, K.S.A. 8-286 (Furse 1991), was civil or criminal in nature, the Kansas Supreme Court concluded that despite the use of criminal terms in that statute, it was actually civil. State v. Boos,232 Kan. 864, 867 (1983). The Court noted the statutory definition of a crime is "an act or omission defined by law and for which, upon conviction, a sentence of death, imprisonment or fine, or both imprisonment and fine, is authorized," K.S.A. 1996 Supp. 21-3105, concluded that revocation of a person's right to drive is not a criminal sanction under this definition, and that because there was no provision for a fine or imprisonment upon a finding that a person is an habitual violator, that K.S.A. 8-286 does not establish a crime and proceedings under that statute were therefore civil rather than criminal. Id. at 870. We believe Boos is controlling of the question you present; because K.S.A. 1996 Supp. 8-1567a does not carry a criminal penalty, i.e. a fine or imprisonment, for violation of its provisions, it is not a criminal statute and proceedings under K.S.A. 1996 Supp. 8-1567a are civil rather than criminal in nature.
The legislative history of K.S.A. 1996 Supp. 8-1567a
supports this conclusion. The Kansas Legislature took up the issue of "zero tolerance" in the 1996 Session in order to satisfy the federal requirement set forth in the National Highway System Designation Act, now codified at 23 U.S.C.A. § 161(a)(3). This federal statute requires each state to "enact and enforce a law that considers an individual under the age of 21 who has a blood alcohol concentration of 0.02 percent or greater while operating a motor vehicle in the State to be driving while intoxicated or driving under the influence of alcohol." Failure to comply with this requirement results in the withholding of certain federal highway construction funds. 23 U.S.C.A. § 161(a)(1) and (2). As originally introduced, the bill seeking to bring the State into compliance with the "zero tolerance" requirement amended K.S.A. 8-1567(a)(1) and (2) to make a blood or breath alcohol concentration of .02 in persons less than 21 years of age a violation of that statute subject to the criminal penalties of subsections (d), (e) and (f) of that statute. 1996 H.B. 2603, as introduced. However, the House Committee adopted an amendment intended to "strike all criminal provisions in the bill and only have the administrative suspension apply." Minutes, House Committee on Judiciary, February 22, 1996. The Senate Committee subsequently adopted a substitute bill based on concerns raised by the Kansas Department of Transportation that H.B. 2603, as amended by the House Committee, would not satisfy the federal law requirements. Minutes, Senate Committee on Judiciary, March 13, 1996; Journal of the Senate 1596, March 21, 1996. For our purposes, the main distinction between the two bills was that the Senate substitute contained a new section using the language "[i]t shall be unlawful" for any person less than 21 years of age to operate or attempt to operate a vehicle with a breath or blood alcohol content of .02 or greater. S. Sub. for H.B. 2603, § 1. However, there was no mention in the minutes that the Senate intended to reinsert any criminal sanctions for violation of the law, and the amendments to K.S.A. 8-1567 were not made a part of the Senate substitute bill. [While not available at the time K.S.A. 1996 Supp. 8-1567a was being debated, the federal regulations make clear that criminal sanctions are not required for compliance with the federal "zero tolerance" requirement. 23 C.F.R. § 1210.4(c) (revised as of April 1, 1997).]
We turn now to considering whether Courts have authority under K.S.A. 1996 Supp. 8-1567a to suspend driving privileges. The statute does not specify what forum is to conduct the proceedings referred to therein. However, it uses the term "administrative action" in at least one section, K.S.A. 1996 Supp.8-1567a(h), and subsection (g) provides that, except where there is a conflict, the provisions of K.S.A. 8-1001
and 8-1002, and amendments thereto, shall be applicable to proceedings under K.S.A. 1996 Supp. 8-1567a. Subsections (b), (d), (e) and (f) also refer to K.S.A.8-1001. It therefore appears that K.S.A. 1996 Supp. 8-1567a
must be read in conjunction with K.S.A. 1996 Supp. 8-1001
in order to determine the proceeding to be used. K.S.A. 1996 Supp. 8-1567a(b) specifies that whenever a law enforcement officer determines, pursuant to K.S.A. 1996 Supp. 8-1001, that a breath or blood alcohol test is required and the person is less than 21 years of age, the written and oral notice required by K.S.A. 1996 Supp. 8-1567a is required to be given in addition to the notice required by K.S.A. 1996 Supp. 8-1001. According to K.S.A. 1996 Supp. 8-1567a(d), if a test is administered to a person less than 21 years of age and results in a blood or breath alcohol content of .02 or greater, but less than .08, the law enforcement officer is to complete a certification containing the statements set forth in that subsection. There is no mention of where the certification is to be sent or how notice of driver's license suspension is to be served on the individual. K.S.A. 1996 Supp. 8-1002 fills this void by requiring certifications prepared under that statute to be sent to the Division of Motor Vehicles, and setting forth how service of a notice of suspension is to be made on the individual. K.S.A. 1996 Supp. 8-1002(b), (c) and (e). Subsection (d) provides that the notice of suspension shall contain information regarding the right of the individual to request an administrative hearing and the procedure to follow to do so and subsection (g) speaks to the Division's provision of a hearing upon proper request. The scope of the hearing is limited under K.S.A. 1996 Supp. 8-1002(h) similar to the way K.S.A. 1996 Supp. 8-1567a(e) limits the hearings allowed under its provisions. Reading these statutes together, it is our opinion that the hearing contemplated by K.S.A. 1996 Supp. 8-1567a is an administrative hearing before the Division of Motor Vehicles rather than a judicial proceeding before a Court. Compare K.S.A. 8-286
(Furse 1991).
Finally, you inquire whether abstracts of court records of convictions and drivers' license suspensions based on violations of K.S.A. 1996 Supp. 8-1567a that are sent to the Division must be filed pursuant to K.S.A. 8-249. That statute specifically requires the Division to file the name of every licensee whose driver's license has been suspended or revoked by theDivision, as well as all accident reports and abstracts of court records of convictions received by it under the laws of the state. It is our opinion that the Division of Vehicles should not refuse to file an abstract based on its determination of whether the underlying court proceeding was proper. If the parties to the judicial proceeding wish to challenge the court's jurisdiction and authority to enter the order suspending a license, they may do so. Absent such an appeal, however, the Division should not substitute its judgment for that of the Court in determining whether to file the abstract.
In conclusion, K.S.A. 1996 Supp. 8-1567a does not provide for criminal sanctions for those persons less than 21 years of age whose blood or breath alcohol tests result in an alcohol content of greater than .02 but less than .08. The only penalty for such violations is suspension of the individual's driver's license. The statute must be read in conjunction with K.S.A. 1996 Supp. 8-1001 and 8-1002 to determine the proceedings to be followed for notice, certification and hearing. The proceeding is administrative in nature and is to be conducted by the Division of Motor Vehicles. Nevertheless, the Division must file abstracts of court records of "convictions" based on violations of K.S.A. 1996 Supp. 8-1567a rather than substituting its judgment for that of the Court in determining the propriety of the Court's proceedings.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
CJS:JLM:jm